## 5100.  RENFROE v. THE STATE.

The jury had had the case under consideration for about 18 or 20 hours, and, being unable to agree, called the sheriff and requested him to communicate with the court and ask the court either to recharge the jury, or to order a mistrial. The sheriff replied: "Gentlemen, if it is a new charge you want, I am ready' to go right down and submit it; but if it is a mistrial I would feel embarrassed to do it, because I have heard the judge say that he was conscientiously opposed to mistrials in Wilcox county. But I will submit it if you insist on it." This was all that passed between the sheriff and the jury; and shortly afterward the jury returned a verdict of guilty. Upon the hearing of the motion for a new trial the facts above stated were admitted, and there were no properly identified affidavits from the jurors to the effect that they were not influenced by the conduct of the sheriff to return a verdict of guilty. *Held,* that a new trial should have been granted on account of this irregularity.

DECIDED OCTOBER 28, 1913.

Accusation of pointing pistol at another; from Wilcox superior court—Judge George. June 26, 1913.

*Haygood & Cutts,* for plaintiff in error.

*Joseph B. Wall, solicitor-general,* contra.

POTTLE, J.  The general rule in this State is that before a plaintiff in error can obtain a reversal of the judgment complained of, he must show both error and injury. But the right of a party to a free, untrammeled, and impartial determination by a jury of the issues of fact involved is so sacred and so important that where misconduct of the jury has been shown, or where it appears that they have been unduly interfered with in their deliberations, injury to the losing party will be presumed. In all such cases a reversal necessarily results, unless it is affirmatively made to appear to the trial judge that the irregularity complained of resulted in no injury to the complaining party. *Obear* v. *Gray,* 68 *Ga.* 182; *Shaw* v. *State,* 83 *Ga.* 92 (9 S. E. 768); *Styles* v. *State,* 129 *Ga.* 425, 432 (59 S. E. 249, 12 Ann. Cas. 176); *Griffin* v. *State,* 5 *Ga. App.* 43 (62 S. E. 685); *Suple* v. *State,* 133 *Ga.* 601 (66 S. E. 919). In *Smith* v. *State,* 122 *Ga.* 154 (50 S. E. 62), the Chief Justice thus stated the rule: "This court, from the time of its organization to the present time, has striven to protect the purity and impartiality of jury trials, and wherever there have been irregularities, unless fully explained and the court satisfied that the accused has not been injured, new trials have been granted. Where the miscon-

duct of the officers and jury has been gross, this court and others have held that a new trial should be granted on account of public policy, whether the accused was injured or not." In *Obear* v. *Gray,* supra, it was held that for a bailiff in charge of a jury, apparently finding it difficult to agree, to tell them that in his opinion the judge would keep them out a week or compel them to agree, was such practice as necessitated a new trial. In the present case the jury were unable to agree. Suppose the jury stood 11 to 1 for conviction. The sheriff in substance tells this one juror that he ought not to make a mistrial, because the trial judge is conscientiously opposed to granting mistrials in that county. Such a remark is calculated to unduly influence the jury, and probably did have that effect in the present case. They requested a recharge after having been out for some 18 or 20 hours, and, without having been recharged, they returned a verdict shortly after the remark complained of was made by the sheriff. If the trial judge had sent for the jury after they had been deliberating for some hours and when apparently they were unable to agree, and had stated to them that they must arrive at a verdict because he was conscientiously opposed to granting mistrials in that county, clearly such conduct on the part of the judge would have amounted to coercion, and would have demanded a new trial. The sheriff was assuming to act as the mouthpiece of the judge, and, in so doing, improperly interfered with the deliberations of the jury. Such a practice can not be approved, and a new trial should have been granted.     *Judgment reversed.*